IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANUEL ORTIZ,<br><br>                Plaintiff,<br><br>    vs.<br><br>JAMES C. WEBERING, Federal Public Defender,<br><br>                Defendant. | 4:20CV3065<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Manuel Ortiz brings this 42 U.S.C. § 1983 action against his former counsel in a criminal case. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 9), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff seeks to sue a CJA Panel attorney[1] who was appointed to represent him in a criminal case in this district. *United States v. Ortiz*, No. 8:16CR62 (Filing 66). Plaintiff brings his claim under 42 U.S.C. § 1983, alleging that his appointed counsel, James C. Webering, was an alcoholic, forced Plaintiff to sign papers he did not understand, and tried to close Plaintiff's case quickly by having him plead guilty. (Filing 1 at CM/ECF pp. 5-6.) Plaintiff claims that in the middle of his criminal case, he

---

[1] Plaintiff claims Defendant Webering was a federal public defender, but he was not. He was a private attorney appointed pursuant to the Criminal Justice Act. (Case No. 8:16CR62, Filing 66.)

retained new counsel, and the charges against him were eventually dropped.[2] (Filing 1 at CM/ECF p. 10.)

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

---

[2] Case No. 8:16CR62, Filing 152 (Webering's motion to withdraw due to Defendant's retention of private counsel), Filing 153 (text order granting motion to withdraw), Filing 229 (order granting government's motion to dismiss indictment).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, the alleged violation of Plaintiff's rights must have been caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (affirming dismissal of case for failure to state 42 U.S.C. § 1983 claim when plaintiff sued private attorney for failing to be available to plaintiff before trial and failing to appear in court). *See also Eling v. Jones,* 797 F.2d 697, 699 (8th Cir. 1986) (actions of public defender taken in capacity as attorney dealing with client and using discretion and professional judgment were not actions taken "under color of state law," which is an essential element of a 42 U.S.C. § 1983 action); *Harkins v. Eldredge,* 505 F.2d 802, 803 (8th Cir. 1974) (per curiam).

Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and this matter must be dismissed.

IT IS ORDERED:

1. Plaintiff's Motion to Amend Defendant's Name (Filing 12) is granted, and the Clerk of Court shall amend the case caption to conform to that shown in the caption of this Memorandum and Order;

2. Plaintiff's claims are dismissed without prejudice for failure to state a claim upon which can be granted; and

3. Judgment will be entered by separate document.

DATED this 14th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judg